# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**FAHEEM J. PASHA,**

        **Petitioner,**

**v.**                                  **Civil No.: 5:19CV337**
                                               **JUDGE BAILEY**

**R. HUDGINS,**

        **Respondent**.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On December 27, 2019, the pro se Petitioner, Faheem J. Pasha ("Pasha") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Pasha has satisfied the $5 filing fee. ECF No. 7. Pasha is a federal inmate who is housed at FCI Gilmer and is challenging the validity of his sentence from the United States District Court for the Northern District of Indiana. On February 19, 2020, the undersigned reviewed Pasha's criminal docket and determined that he was sentenced on July 10, 2018, and thereafter filed a timely appeal. On May 10, 2019, his conviction was affirmed. To date, he has not pursued a § 2255 in the court of conviction. Therefore, the undersigned issued Pasha a Notification of his right to consent to proceed under 28 U.S.C. § 2255 or to proceed as filed. ECF No. 8. On February 27, 2020, Pasha notified the Court of his election to proceed as filed. ECF No. 9. Accordingly, this matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

On February 14, 2018, a federal grand jury in the Northern District of Indiana returned a one count Indictment charging Pasha with possession of one or more firearms and ammunition after being convicted of a crime punishable by more than one year of imprisonment in violation of 18 U.S.C. § 922(g)(1). On March 28, 2018, Pasha pleaded guilty. ECF No. 25. A final presentence report was filed on June 14, 2018. ECF No. 29. Pasha had a prior conviction for a felony controlled substance offence, and therefore, his base offense level for possession of the firearm was 20. His offense level was increased by two levels because he possessed three firearms and another four levels because the serial number had been obliterated, then reduced by three levels to reflect his clear and timely acceptance of responsibility, producing a final adjusted level of 23. Pasha was assessed twelve criminal history points which placed him in criminal history category V. His recommended sentencing range was 84 to 105 months. ECF No. 35. The district court found that Pasha's history of violence and crime compelled a finding that he poses a considerably greater risk of future conduct, and a violent conduct, than do most defendants who passed through that court, Id. at 4. Pasha requested a 63-months sentence, which the court found was far too little considering the need to protect the public from a man with his history of violence and crime. The government

---

[1] Unless otherwise noted, the information in this section is taken from Pasha's criminal docket available on PACER and all ECF numbers are from that case. See United States v. Pasha, No. 3:18cr22-RLM-MGG ). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

2

recommended a 105-month sentence, which the court found to be reasonable. "It reflected that Pasha not only possessed a firearm after a felony conviction; he did so after four felony convictions; he possessed three firearms rather than one; he not only possessed the handgun, but he sold it as well; and he possessed not a simple handgun but one with an obliterated serial number. And he did all of that while awaiting trial on two felony charges and a misdemeanor battery charge." Id. at 5.

On July 10, 2018, the court sentenced Pasha to a sentence of 96 months to be followed by a two-year supervised release term. His current projected release date is January 16, 2025 via god conduct release. See www.bop.gov/inmateloc/.

On July 12, 2018, Pasha filed a Notice of Appeal. ECF No. 37. In his opening brief, he argued that the district court erred in enhancing his base offense level for a prior conviction under Indiana Code § 35-48-4-1 because the statute of conviction was overbroad and did not qualify as a "controlled substance offense" for purposes of U.S.S.G. § 2K2.1.[2] The court of appeals stayed proceedings in the case pending resolution of two appeals which raised the same or a related question. On April 22, 2019, the court of appeals decided that the relevant section of the Indiana code was divisible and accordingly could serve as a predicate controlled substance offense for a sentence enhancement. United States v. Smith, 921 F.3d 708 (7th Cir. 2019). Accordingly, his conviction was affirmed on May 10, 2019. See No. 18-2549 (7th Cir.).

B. Pasha's Claims

Pasha alleges that section 4B1.2 of the guidelines has been wrongfully applied,

---

[2] §2K2.1 provides that the base offense level is 20 if the "defendant committed any part of the instant offense subsequent to sustaining one felony conviction or either a crime of violence or a controlled substance offense."

and he does not qualify as a career offender. In support of this argument Pasha alleges that Indiana's interpretation of a controlled substance does not meet the federal interpretation of a controlled substance. It appears that Pasha is arguing that Application Note 1 to § 2K2.1[3] adds to the guidelines and is entitled to no weight. For relief, Pasha requests that the career offender enhancements be withdrawn, and he ordered to be released.

### III.   LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Pasha' case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, Pasha' pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do

---

[3] Application Note 1 provides that "controlled substance offense" has the meaning given that term in § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2 (Definition of Terms Used in Section 4B1.1).

not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Pasha is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Pasha unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the

savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee

v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### III. ANALYSIS

Although Pasha raises the savings clause, he does not specifically address the Wheeler test. Because he is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, Pasha fails to meet the second prong of Wheeler. Succinctly stated, Pasha has yet to file a § 2255, and more importantly, he cites no case from either the United States Supreme Court or the Seventh Circuit which has changed the settled law with respect to his sentence. Furthermore, Pasha appears to be confused with respect to the guidelines and his sentence. He was not sentenced as a career offender, because if he was, his criminal history category would have been Category VI, not Category V. See U.S.S.G. § 4B1.1(b).[4] In addition, even if Pasha could satisfy the second prong, and by extension, the third prong, he cannot satisfy the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714. However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory

---

[4] In addition, Pasha's offense of conviction under 18 U.S.C. § 922(g)(1) is neither a crime of violence nor a controlled substance offense, and therefore, he cannot be a career offender. See U.S.S.G. § 4B1.1.

7

Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[5] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Pasha was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Pasha cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co.

---

[5] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

8

v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Pasha shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Pasha by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 28, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE